## ARGABRIGHT v. CHRISTISON, Co. Judge.

No. 19509. Opinion Filed Dec. 10, 1929.

Rehearing Denied April 8, 1930.

244

Finnis M. Walker and Chas. E. Webster, for petitioner.

Cheek & McRill, for respondent.

MASON, C. J. This is an original proceeding in this court seeking a writ of certiorari for the purpose of reviewing the action of the county court of Oklahoma county, sitting as a juvenile court, in a cause styled, In re Halene Rogers, a Dependent and Neglected Child.

Said cause was instituted by the filing of the following petition:

"In the Name and by the Authority of the State of Oklahoma.

"Comes now Mrs. M. Levins, a reputable person and a legal resident of Oklahoma county, state of Oklahoma, and respectfully represents and states to the court that one Halene Rogers, of Oklahoma county, and state of Oklahoma, a child under the age of 16 years, is a dependent and deserted child in this, to wit, that she is of the age of four years, having been born on the 18th day of February, 1923; that she is dependent in that the mother of said child gave the baby to the petitioner when she was only nine weeks of age, and told the petitioner that she could have the baby, that she did not want her; that the baby at that time was in a critical condition; * * * that the mother is not the proper person to have said child, for the reason that she deserted the baby some four years ago; that the mother has contributed nothing towards the baby's support since the petitioner has had said child; that the mother's whereabouts has been unknown to the petitioner; that the mother has abandoned said child for more than one year, wherefore petitioner wishes said child made a ward of this court and placed with some one for the purpose of finding a suitable home into which said child may be adopted. That one Lacy Rogers, whose whereabouts is unknown, is the mother. Wherefore, petitioner prays that the said Halene Rogers be brought before this court to be dealt with according to law."

The petitioner herein, Lacy L. Argabright, intervened in said cause and demanded a jury trial, which was had, at which the petitioner and the intervener in the lower court, and said child all appeared in person.

We deem it unnecessary to refer to the evidence taken, because the writ of certiorari, as used in this jurisdiction, brings up for review the sole question whether the inferior tribunal kept within or exceeded the jurisdiction conferred upon it by law. The writ cannot be used to correct errors committed by the inferior tribunal within limits of its jurisdiction. Harris v. District Court of Nowata County, 68 Okla. 231, 173 Pac. 69; Grady County v. Chickasha Cotton Oil Co., 63 Okla. 201, 164 Pac. 457.

The court, upon the verdict of the jury that said child was a dependent and neglected child and should be a ward of the court, rendered judgment in accordance

with said verdict and committed said child to the Oklahoma Children's Home Society, an association accredited as required by law.

Did the county court have jurisdiction to proceed against said Halene Rogers in said proceeding?

It is first contended by the petitioner herein that the county court was without jurisdiction for the reason that the petition failed to state facts sufficient to confer jurisdiction because it did not allege that said child was destitute, homeless, and abandoned.

Counsel cite sections 8070 and 8074, C. O. S. 1921, which provide:

"8070. This article shall apply to any child under the age of 16 years not an inmate of a state institution incorporated under the laws of this state. For the purpose of this article the words 'dependent child' and 'neglected child' shall mean any child under the age of 16 years who for any reason is destitute, homeless, or abandoned; or dependent upon the public for support; or has not the proper parental care or guardianship, or who habitually begs or receives alms, or who is found living in a house of ill-fame or within a vicious or disreputable place, or whose home, by reason of neglect, cruelty, or depravity on the part of its parents, guardians or any other person in whose care it may be, is an unfit place for such a child. * * *"

"8074. Any reputable person being a resident of the county having knowledge of a child in his county who appears to be either neglected, dependent, or delinquent, may file with the clerk of court having jurisdiction in the matter, a petition in writing setting forth facts verified by affidavits. The petition shall set forth the name and residence of the legal guardian, if known, or if not known, then the name and residence of near relative, if there be one and his residence known. It shall be sufficient that the affidavit is upon information and belief."

It will be observed, however, that said law is not made applicable only to "homeless, destitute, or abandoned" children, but that it is applicable to one who "has no proper parental care," or whose home, by reason of neglect on the part of its parents, is an unfit place for such child.

It is also contended that, under the allegations of the petition, said child was not abandoned because of the allegation that the mother of said child gave the baby to the petitioner. The contention that a gift of a child to a specific person could not constitute abandonment is without merit. A parent has no property right in a child of which a gift or sale could be made. The

modern tendency and recent authorities hold that the parent of the child does not, under all circumstances, have an absolute legal right to the child's custody by virtue of relationship, and that the welfare of the child is paramount to any other consideration. This was recognized by enacting the statutes involved herein.

By the provisions of section 8084, C. O. S. 1921, the sections of the statute under consideration shall be liberally construed. Applying such construction to the petition herein, we are of the opinion that it contains allegations sufficient to confer jurisdiction upon the county court to proceed in said matter.

It is next contended that the lower court was without jurisdiction because the mother was residing in Payne county at the time said proceeding was commenced and that the domicile of an illegitimate child is governed by the domicile of the mother. Conceding that such presumption exists, yet the facts, as alleged herein, disclose that said child was domiciled with the petitioner in Oklahoma county.

Section 8074, supra, any reputable person, being a resident of the county, having knowledge, of a child in his county who appears to be either neglected or dependent or delinquent, may file such proceedings with the clerk of the court. There is nothing in said section which supports the contention of the petitioner. We must conclude that the same is without merit.

It is also contended that the trial court was without jurisdiction because no summons was issued and served in compliance with section 8075, C. O. S. 1921, which provides that upon the filing of the petition a summons shall be issued requiring the person having the custody or control of the child to appear with the child at a place and time stated therein. Said section also provides for service of notice upon the parents of the child. The record discloses that such notice was served upon the mother and that she entered her appearance and was present at the hearing. The person having the custody and control of the child was the petitioner. No good could be accomplished by serving such summons on the petitioner and no one would be injured by the failure so to do. In addition to this, the petitioner, the intervener, and the child were present in person at the hearing.

We conclude that the trial court had juris-

diction of both the child and the subject-matter, and that the writ of certiorari should be denied and the judgment of the trial court should be affirmed.

LESTER, V. C. J., and HUNT, CLARK, RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur.