## FORTUNE et al. v. BOARD OF COM'RS OF OSAGE COUNTY.

No. 22180. Opinion Filed May 12, 1931.

Rehearing Denied June 9, 1931.

Holcombe, Lohman & Barney, for plaintiffs.

Gray & Palmer, for defendants.

KORNEGAY, J. This is an original proceeding brought by the plaintiffs against the defendants. It involves the action of the superintendent of public instruction of Osage county in annexing school district No. 17 to the city of Pawhuska for school purposes, and dissolving said district.

A writ of certiorari was issued out of this court on the 20th of March, 1931, and pursuant thereto, the original petition and the protest filed with the county superintendent, and also the 20-day notice, dated the 10th of January, 1931, giving notice of the hearing of the matter on the 2nd of February, 1931, signed by the county superintendent, and posted in five public places in Pawhuska, and the order of the superintendent granting the petition and 10 days' notice by the superintendent showing the annexation petition had been granted, and would become effective, if no appeal was taken within 10 days, also the notice of the appeal and the order of the board of county commissioners sustaining the order of the county superintendent, and a transcript of the record, and proceedings at the trial before the board of county commissioners on March 9, 1931.

From an inspection of this, it appears that the petition showed on its face that it contained more than a majority of the legal voters. It appears that there were some protestants that filed a written protest before the county superintendent. It further appears that the superintendent had a hearing on the matter, and the people on both sides appeared before her, and that she decided to make the change after hearing all sides, both the protestants and the petitioners and those who desired to withdraw from the protest. The appeal was taken to the county commissioners. They sustained the action of the county superintendent.

Both sides have briefed the matter. The plaintiffs in the case cite certain decisions of this court as foundation for their request to quash the proceedings, attacking the order of the county superintendent as being void. They lay special stress on a case decided by this court, School Dist. No. 65, Payne County, v. Board of County Com'rs of Payne County, 148 Okla. 5, 296 Pac. 483. The facts in that case, however, are radically different from the facts disclosed here.

Notice was had here, and the parties appeared before the county superintendent, and the petition appeared to have the requisite number of the electors residing in the district. The law committed to the county superintendent the right, in the first instance, to ascertain whether or not a proper petition was filed, and whether or not jurisdiction was conferred upon her to make the change. She decided that the petition was proper and made the change. The petition then went to the county commissioners, and, after hearing evidence, they reached the same conclusion that the county superintendent did.

The statute says that the action of the county commissioners is final. Under the original jurisdiction of this court, we are permitted to examine the proceedings below by certiorari, and if the county superintendent and the county commissioners acted without jurisdiction, to set the same aside. It appears from the proceedings that we have here that the commissioners had jurisdiction, and so did the county superintendent. With the expediency of the orders they made, we have nothing to do.

The matter of certiorari, and what should be done under it, has been several times before this court, and we think the syllabus in the case of Argabright v. Christison, County Judge, 142 Okla. 243, 286 Pac. 347, states the law applicable to this proceeding. It is as follows:

"1. The writ of certiorari, as used in this jurisdiction, brings up for review the sole question whether the inferior tribunal kept within or exceeded the jurisdiction conferred upon it by law. The writ cannot be used to correct errors committed by the inferior tribunal within the limits of its jurisdiction."

It is accordingly ordered that the proceedings herein be dismissed, and the clerk of this court is directed to transmit to the county commissioners the original papers that were sent here under the writ. It is ordered that the cost of the proceeding be borne by the plaintiffs.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. RILEY, J., absent.