In re REED.
DICKERSON v. BAKER.

No. 30188.    Sept. 30, 1941.

*117 P. 2d 503.*

K. J. Schwoerke and Ross G. Hume, both of Oklahoma City, for plaintiff in error.

C. Everett Murphy, of Kingfisher, for defendant in error.

GIBSON, J. This is an appeal from an order of commitment of the county court of Kingfisher county providing for the care and custody of an alleged dependent and neglected child.

The complainant, the defendant in error herein, filed his petition in county court pursuant to sections 1729-1738, O. S. 1931, 10 Okla. Stat. Ann. §§ 101-110, alleging in substance that Barbara Rae Reed was a dependent and neglected child, without proper parental care or guardianship; that approximately five and one-half years prior to the filing of the petition the child was left in the custody of complainant and his wife by its mother, the plaintiff in error, pursuant to an agreement between the parties that complainant and his wife care for the child at a stipulated sum to be paid by the mother; that during all of said period the child had resided in the home of complainant and had received proper care, education, etc., and that the mother had contributed nothing to its support or aided in its care at any time, except during the first few months following the agreement aforesaid. It is further alleged that the mother and father were divorced and that each had since been married to another, and that the father had never contributed to the support and maintenance of the child; that the mother is now threatening to take it from complainant and his wife, but that she is not a fit and proper person to assume its care and custody. The petition asks that the child be made a ward of the court and placed in the home of complainant.

The mother appeared and protested the petition. She requested a jury, as provided by section 1730, O. S. 1931, 10 Okla. Stat. Ann. § 102. The verdict was that the said Barbara Rae Reed was a dependent and neglected child, and the court rendered judgment accordingly, declared the child to be a ward of the court, and awarded its custody to complainant and his wife.

On appeal the protestant says the court erred in refusing to direct a verdict against the contentions of the complainant for the reason that the evidence conclusively showed that the minor was not a dependent and neglected child.

The material portion of section 1729, supra, reads as follows:

"For the purpose of this article the words 'dependent child' and 'neglected child' shall mean any male child under the age of sixteen years and any female child under the age of eighteen years, who . . . has not the proper parental care or guardianship. . . ."

By section 1737, O. S. 1931, 10 Okla. Stat. Ann. § 109, the county court is authorized to provide for care of a dependent or neglected child after proper proceedings.

If there is evidence in the record to support the finding that Barbara Rae Reed was a dependent and neglected child within the meaning of section

1729, supra, as amended by section 1, H. B. 175, Sess. Laws 1935, the verdict must stand. In a juvenile proceeding of this character the verdict of the jury will not be disturbed on appeal when the same is reasonably supported by the evidence offered on the material issues. In re Morrison, 176 Okla. 55, 54 P. 2d 198. In that case the rule is stated as follows:

"When the evidence is conflicting and sufficient to uphold the verdict of the jury, this court will not undertake to determine the weight of the evidence, and the verdict and judgment will not be disturbed on appeal when reasonably supported by the evidence, and issues of fact were fairly submitted to the jury."

The issue here is whether the child had received and was receiving the proper parental care or guardianship. If it had not, then it was a dependent and neglected child within the meaning of the statute; and the neglect of the parents to make suitable provision for the child's welfare, and their general unfitness, from the standpoint of home environment, to properly care for the child, were elements for consideration in determining the issue.

The evidence shows that Barbara Rae Reed was placed in the custody of her mother, the protestant, by order of the district court in a divorce action between the parents; that when the child was 18 months old the mother placed it in the care and custody of the complainant and his wife, agreeing at the same time to pay them the sum of $3 per week for its support. The mother paid the sum agreed on for approximately eight months, and paid no more thereafter. The child had lived in complainant's home for more than five and one-half years, and had received proper care in every respect. Complainant demanded no further pay. All the foregoing facts are uncontradicted.

There is conflicting evidence that protestant offered to pay the agreed price and certain medical bills and that the complainant refused to accept payment.

The child testified that she visited her mother's home in Illinois for a period of three weeks; that she did not like to live with her mother because they did not treat her right; that her mother took her to beer parlors and tried to get her to drink beer, and that her mother was given to the use of profanity.

There is evidence that the mother recently came to complainant's home and created a commotion and serious disturbance in attempting to take the child away against the latter's will.

For about five years none other than complainant and his wife has contributed to the child's support. From the witness stand the complainant stated that he wanted the court to take the child and to do what was best for it, that it was the child's benefit he was looking for, not his own.

Protestant asserts that since the evidence conclusively shows that the child was not suffering from any actual lack of parental control and guardianship, but that such control was admittedly exercised and maintained by the complainant and his wife by delegation of authority from protestant, then the only remaining circumstance upon which complainant could base his allegation that the child was not receiving proper parental care and guardianship was the fact that the weekly payments of $3 had not been kept up.

Whether the mother actually offered to meet these payments is not clearly shown. The evidence on that question is conflicting. Complainant testified that the protestant and her present husband had asked him what they owed him, and that they would make it right after protestant was through with an expected operation; that they made no offer to pay any amount.

Protestant insists that the complainant's case is based entirely on the fact that she now owes him money for the child's care, and asserts that such a debt is not sufficient to support the allegation

that the child is a dependent and neglected child by reason of being without proper parental care and guardianship.

But the complaint is not based upon the debt alone. It is based on the neglect of the parents to provide for the child's proper support and maintenance as the law requires. The debt is incidental only. And the complaint is based also upon the unfitness of the mother to properly care for the child.

The parents have contributed nothing to the child's support for more than five years, and apparently made no serious effort in this respect. This could constitute nothing other than neglect. In the case of Argabright v. Christison, Co. Judge, 142 Okla. 243, 286 P. 347, the court, when speaking of section 1729, supra, said:

"It will be observed, however, that said law is not made applicable only to 'homeless, destitute or abandoned' children, but that it is applicable to one who 'has no proper parental care', or whose home, by reason of neglect on the part of its parents, is an unfit place for such child."

Failure on the part of the mother over a period of five years to make any serious effort to provide for the child's support and maintenance strongly indicates that her home by reason of such neglect would be an unfit place for the child. This alone was sufficient to support the finding that the child was a dependent and neglected child by reason of its having "no proper parental care or guardianship." At the time of the trial it had no such care, and there was no indication that it soon would have. The mere fact that it was enjoying proper care in the home of others and was therefore not a homeless, destitute, or abandoned child does not mean that it was receiving proper parental care or guardianship.

In support of her contention that the evidence was insufficient as aforesaid, protestant cites first the case of Ex parte Edwards, 208 Cal. 725, 284 P. 916. There the juvenile court had made a child its ward on a finding "that the child has no parent actually exercising proper parental control," and on habeas corpus the Supreme Court held that such finding was not equivalent to a finding that the parent was either incapable or failed or neglected to exercise parental control, which latter circumstance was necessary to the juvenile court's jurisdiction under strict construction of the statute which provided that no ward shall be taken from the custody of its parents without their consent unless the court shall find the parents incapable of providing or have failed or neglected to provide proper maintenance, training, and education for the minor.

The California statute is wholly unlike our own, and the cited case is of little help here. In this state the court may make a child its ward if it appears that such child is dependent and neglected by reason of want of proper parental care or guardianship. As said above, the evidence was sufficient to show that the child was not receiving the proper parental care as contemplated by law.

Protestant also cites the Oregon case of In re Schein, 156 Ore. 661, 69 P. 2d 293. That case, so far as the same is relied on by protestant, merely undertakes to interpret the statute defining dependent children. The court said that the phrase "or have not parental care or guardianship" referred to children who have neither parents, guardians, nor other persons to take care of them. That seems correct. However, our statute refers also to children who may have parents, but parents who are neglectful of their duties.

Protestant takes the position that since third parties, or "other persons", were properly caring for the child, it could not be said to be neglected under the provision relating to proper parental care. But this cannot be a proper view where, as here, the child is placed with others and the obligation to pay for its upkeep is abandoned by the parent.

Next is cited the Texas case of Reynolds v. Rayborn (Tex. Civ. App.) 116 S. W. 2d 836. There the court held that a child in custody of the father under a

divorce decree was not a dependent and neglected child where the father had arranged and paid for it to live in a private home where it enjoyed proper care. The case is obviously not in point.

Contrary to protestant's contention, the record shows that the facts and circumstances surrounding the case were amply sufficient to vest jurisdiction in the county court to make the child a ward thereof, and to make disposition of the case by awarding custody of the child to the complainant and his wife, who were shown by the evidence to be reputable citizens of good moral character within the meaning of the statute, section 1737, supra.

Protestant cites the case of State v. McMillan, 191 La. 317, 185 So. 269. In that case the child's parents were divorced, and the father, who had been awarded custody of the child, placed it with his sister. A third party, at the request of the mother, filed a petition in juvenile court alleging that the child was neglected in that it was without proper parental care or guardianship. The court so found, and the father appealed. It was held that since the child was receiving proper care from the father's sister, it was not neglected in the sense that it was destitute or without proper guardianship, etc., and that the case therefore passed from the jurisdiction of the juvenile court.

The distinction between that case and the present one is clear. There the parent was continuing to provide proper care for the child through the father's sister, while here the parent had long since ceased to provide that care.

The judgment is affirmed.

CORN, V. C. J., and RILEY, OSBORN, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., and BAYLESS, J., absent.