In the Matter of Jack Eugene RHYNE, Jr., a Minor.

No. 37489.

Supreme Court of Oklahoma.

Nov. 12, 1957.

E. P. Neal, Tulsa, for plaintiff in error.

F. Paul Thieman, Jr., Tulsa, for defendant in error.

CARLILE, Justice.

This proceeding was commenced by Carol Sue Worth in the Juvenile Court of Tulsa County on petition to declare her minor son, Jack Eugene Rhyne, Jr., a ward of the court within the provisions of Title 20, §§ 771–851, O.S.1951. The Juvenile Court entered an order declaring the child to be a ward of the court and further adjudged that all parental rights existing between the child and his father be terminated and the custody of the child placed in petitioner and J. C. Worth, her present husband, with authority to make plans for adoption of the child, and that consent of the father to adoption was unnecessary. On appeal to the District Court the order was affirmed. From the order affirming, Jack Eugene Rhyne, father of the child, appealed.

The record discloses that the petitioner and Jack Eugene Rhyne were married, and on the 19th day of July, 1951 a son was born. The parties were divorced December 19, 1953. Petitioner married J. C. Worth in March of 1954. The father of the child, hereinafter called Rhyne, after the divorce action, moved to California where he remained until November, 1955, when he joined the Navy. He has made an allotment of $51.30, to be paid monthly, for the benefit of the child, which he states will be paid in due course by the Navy. He states that when he enlisted in the Navy he listed the child as a dependent.

In the divorce decree Rhyne was ordered to pay $50 monthly for child support. He had paid only $150 at the time of the hearing in the Juvenile Court. Petitioner was granted complete custody of the child by the divorce decree in the District Court, with right of reasonable visitation by Rhyne. The record further shows that the paternal grandparents have quite frequently had the child for visits. The record further shows that Rhyne had made no other contributions except a few toys given through his parents with money perhaps furnished by him. His reason given for failure to make the payments of child support was that he was forced to pay heavy debts accumulated during his marriage to petitioner.

Title 10, Ch. 5, O.S.1951 relates to dependent and delinquent children, and Section 109 vests the court having jurisdiction with power to make an order committing a dependent or neglected child, within the meaning of the article, to certain institutions or associations, or to some reputable citizen of good moral character.

The Juvenile Court Act, Title 20, Ch. 11, O.S.1951, under which the present proceeding was instituted, Section 773, provides in part that the court shall have original jurisdiction in proceedings concerning any child living within the County:

"a. Whose parent or other person legally responsible for the care and support of such child neglects or refuses, when able so to do, to provide proper or necessary support, education as required by law, or medical, surgical or other care necessary for his wellbeing; or who is abandoned by his parent or other custodian; or who is otherwise without proper care, custody, or support."

And subsection 3 authorizes the court to determine the custody or temporary or permanent care and maintenance of the person of any dependent, neglected or delinquent child residing within the county. The concluding portion of the section provides:

"Nothing contained in this Act shall deprive other courts of the right to determine the custody of children upon writs of habeas corpus, or to deter-

mine the custody or guardianship of children when such custody is incidental to the determination of causes pending in such other courts."

The plaintiff in error asserts that the judgment is not supported by the evidence and law and is contrary thereto.

Petitioner seeks to justify the order of the trial court by authority of In re Reed (Dickerson v. Baker), 189 Okl. 389, 117 P. 2d 503; In re Davis, 206 Okl. 405, 244 P.2d 555. An examination of these cases will disclose that the child in each case was declared a dependent and neglected child as to both parents and that at the time the custody was in neither parent. In a number of cases we have considered the right to determine the question of a dependent and neglected child under 10 O.S.1951 §§ 101–114. Among these cases are: In re Greenback (Greenback v. Dixon), 207 Okl. 30, 246 P.2d 733; and In re Tindell, Okl., 292 P.2d 1022. Also in this connection see, Ex parte Parker, 195 Okl. 224, 156 P.2d 584. We have found no case in which it has been held that a child may be declared a dependent and neglected child where the mother has the custody of the child and the father has failed to comply with an order made by the court to pay child support.

When legal custody is given one parent by a decree in divorce as against another, as shown in the present proceeding, it places a duty upon the parent having legal custody of the child to care for the child, and it is the duty of the other parent to obey any order of the court with respect to payment of child support.

In Sullins v. Sullins, Okl., 280 P.2d 1009, a divorce action, the opinion calls attention to Title 12, § 1277, O.S.1951, and sustains the holding that in such action the trial court has continuing jurisdiction to modify order as to the custody of the child and its support before or after judgment in the action.

When the child is in the legal custody of the one parent and being cared for, it is not a dependent and neglected child. We, therefore, hold that when the parties were divorced and the son was placed in the custody of the mother, now Mrs. Worth, and remained in her custody and was cared for by her and her husband, the son was not a dependent and neglected child by reason of the failure of Rhyne to make the $50 payments provided in the decree. There is no other substantial evidence that the son is a dependent and neglected child, nor within the specific provisions of Sec. 773, subsection 1, par. a, Title 20, O.S.1951.

We find the evidence insufficient to sustain the judgment of the Juvenile Court and the same is reversed and case remanded to the District Court with directions to vacate the judgment and dismiss the proceeding.

CORN, V. C. J., and HALLEY, JOHNSON, WILLIAMS, BLACKBIRD and JACKSON, JJ., concur.