MENTALLY RETARDED — LIABILITY A parent of a child at the Enid State School for the mentally retarded is liable to that institution for an amount not to exceed Seventy-five Dollars ($75.00) per month. A parent who is divorced and has the custody of the minor child would have the same responsibilities and liabilities as parents of a child who were not divorced and would be liable for payment to the institution of an amount not in excess of Seventy-five Dollars ($75.00) per month. the maximum liability of a divorced parent making child support payment would be Seventy-five Dollars ($75.00) to the institution set forth in 10 O.S. 12 [10-12] (1975). However, the actual amount of child support payment to be made by a divorced parent who is paying child support pursuant to a court order as set forth in the divorce decree is set by the Court for whatever amount deemed proper in each individual case. In no instance may either the parent who had custody of the child or who is making child support payments pursuant to a court order be required to pay to an institution outlined in 10 O.S. 12 [10-12] (1975), an amount in excess of Seventy-five Dollars ($75.00) per month. If a child support payment is fixed at an amount less than Seventy five Dollars ($75.00) per month, the the parent making the child support payment is limited in his liability to the amount set forth in the divorce decree. However, the parent having custody of the child may be required to supplement the amount set forth in the divorce decree up to Seventy-five Dollars ($75.00) in payment for institutional care as set forth by that statute. The Attorney General is in receipt of your request for an opinion in which you ask the following questions relating to 10 O.S. 12 [10-12] (1975): 1. With respect to a seven year old child who has been diagnosed as mentally retarded and admitted to Enid State School for the mentally retarded, does 10 O.S. 12 [10-12] (1975) limit the liability of the parents of such child for his care and maintenance to a maximum of Seventy-five Dollars ($75.00) per month? 2. If the answer to your first question is yes, would the answer be different as to such a parent who is divorced having the custody of such child under an Oklahoma decree of divorce? 3. Would the liability of such divorced parent having the custody of such child be granted Seventy-five Dollars ($75.00) a month if such divorced parent having custody receives child support of more than Seventy-five Dollars ($75.00) per month? 4. Would the proviso limit the maximum liability of the divorced parent of such a child who does not have custody of that child but who is paying child support under the order. set forth in the divorce decree? 5. Would the amount of child support provided in such divorce decree be determinative of the maximum liability of either one of the divorced parents of such a child; i.e., either the one with the custody who receives child support payments or the other parent who is without custody and under a court order to make payments of child support? 6. If the court reduces the child support payments for such a child to Seventy-five Dollars ($75.00) per month would the amount be the maximum liability of either or both of the parents of such a child for care and maintenance in the Enid State School? Prior to 1973, 10 O.S. 12 [10-12] (1971) provided: "It is the duty of the father and the mother of any poor person who is unable to maintain himself by work, to maintain such person to the extent of their ability. The promise of an adult child to pay for necessaries previously furnished to a parent is binding." In 1973, the Legislature amended the above-cited statute (10 O.S 12 (1975)) to read as follows: "It is the duty of the father and the mother of any poor person who is unable to maintain himself by work, to maintain such person to the extent of their ability. Provided, that the liability of a parent to an institution, nursing home, intermediate care facility or other resident facility for the care or maintenance of any such poor person shall not be in excess of Seventy-five Dollars ($75.00) per month. Provided further, that the provisions of this section shall not apply to charges for care provided by institutions of the Department of Mental Health or the charges for care provided by the Department of Mental Health out-patient facilities, including the alcohol and drug programs. The promise of an adult child to pay for necessaries previously furnished to a parent is binding." (Emphasis added) Prior to the amending of Section 12 by the 1973 Legislature (added underlined provisions), this statute did not suggest any limitation of liability of a parent to a child unable to maintain himself, but rather placed a requirement on the parent to provide maintenance to the extent of their ability, without exception. However, in 1973 the Legislature clearly limited the liability of a parent to "institutions, nursing homes, intermediate care facilities or other resident facility for the care and maintenance of the child" to Seventy-five Dollars ($75.00) per month. This statute does not purport to limit a parent to providing only Seventy five Dollars ($75.00) to his child, even if the child is a resident of one of the facilities enumerated by the statute, but merely limits the parent's liability to the institution itself. With respect to your first question, the Enid State School for the mentally retarded is an institution within the meaning of 10 O.S. 12 [10-12] (1975) and it is not under the Department of Mental Health so the subsequent provision of this statute does not apply. The answer to your first question is in the affirmative. A parent of a child at the Enid State school for the mentally retarded is liable to that institution for an amount not to exceed Seventy-five Dollars ($75.00) per month. With respect to your second question, the Oklahoma Courts are charged with the responsibility of determining the care and custody of minor children when the parents divorce. Title 12 O.S. 1277 [12-1277] (1975) provides: "A petition or a cross-petition for a divorce, legal separation, or annulment must state whether or not the parties have minor children of the marriage. If there are such children, the Court shall make provisions for guardianship, custody, support and education of the minor children, and may modify or change any order in this respect, whenever circumstances render such change proper either before or after final judgment in the action." The Oklahoma Supreme Court has set forth the duties of both parents under a divorce decree numerous times. The most recent is that Court's decision in In re Rhyne, 318 P.2d 448 (Okl. 1957), in which the Court stated: "When legal custody is given one parent by a decree in divorce as against another, as shown in the present proceeding, it places a duty upon the parent having legal custody of the child to care for the child, and it is the duty of the other parent to obey any order of the Court with respect to payment of child support." Under a divorce decree the parent having custody of the child has the same duties and obligations as that parent would if there were no divorce. The Oklahoma Legislature in passing 10 O.S. 12 [10-12] (1975), did not make any distinction with respect to parents having custody of a child pursuant to a decree of divorce. Question No. 2 should be answered as follows: A parent who is divorced and has the custody of a minor child would have the same responsibilities and liabilities as parents of a child who were not divorced and would be liable for payment to the institution of an amount not in excess of Seventy-five Dollars ($75.00) per month. The answer to Question No. 2 is dispositive of your third question and no separate answer is needed. With respect to your fourth question, a reading of the statutes and cases previously cited, clearly indicate that 10 O.S. 12 [10-12] (1975) did not purport to limit a court in making a child support award pursuant to a divorce decree. That is to say a divorced parent of a child which you have outlined in your Question No. 1, who does not have custody of the child but who would pay child support pursuant to a court order, may be required by the Court to make a child support payment in excess of Seventy-five Dollars ($75.00) per month. However, again, 10 O.S. 12 [10-12] (1975) did not purport to make any distinction between a married parent's obligation to support a child and one who is obligated to support the child pursuant to a divorce decree. Therefore, irrespective of what child support payment may have been set by a court pursuant to the divorce decree, the liability to the institution set forth in the statute, is not to exceed Seventy-five Dollars ($75.00). The answer to Question No. 4 is in the affirmative. The maximum liability of a divorced parent making child support payments would be Seventy-five Dollars ($75.00) to the institution set forth in 10 O.S. 12 [10-12] (1975). However, the actual amount of child support payment to be made by a divorced parent who is paying child support pursuant to a court order as set forth in a divorce decree is set by the Court for whatever amount deemed proper in each individual case. Your Question No. 5 requires separate answers distinguishing between a parent's obligation to make a child support payment pursuant to a court order, and the parent actually having custody of the minor child. With respect to the parent who is obligated to make a child support payment pursuant to a court order, as stated earlier, that person's liability is fixed by the Court and 10 O.S. 12 [10-12] (1975) does not purport to increase or decrease that liability. As previously stated, in answer to an earlier question, the Court may fix the obligation to the parent making a child support payment of an amount greater than Seventy-five Dollars ($75.00) per month, but the liability to the institution set forth in 10 O.S. 12 [10-12] (1975) is limited by statute to an amount not to exceed Seventy-five Dollars ($75.00) per month. If, however, the Court requires a parent to make a child support payment in an amount less than Seventy-five Dollars ($75.00) per month, the amount so-fixed by the Court would be the limit of the liability of that parent. With respect to the parent having custody of the child, a different result may be obtained. As previously stated, that parent's liability to the institution cannot exceed Seventy-five Dollars ($75.00) per month. However, if the parent having custody of the child is receiving a child support payment of less than Seventy-five Dollars ($75.00) per month, or not actually receiving a child support payment at all, it does not relieve that parent of making a payment of up to Seventy-five Dollars ($75.00) per month to an institution outlined in 10 O.S.Supp. 12 (1975). Question No. 5 should be answered as follows: In no instance may either the parent who has custody of the child or who is making child support payments pursuant to a court order be required to pay to an institution outlined in 10 O.S. 12 [10-12] (1975), an amount in excess of Seventy-five Dollars ($75.00) per month. If a child support payment is fixed at an amount less than Seventy-five Dollars ($75.00) per month, the parent making the child support payment is limited in his liability to the amount set forth in the divorce decree. However, the parent having custody of the child may be required to supplement the amount set forth in the divorce decree up to Seventy-five Dollars ($75.00) in payment for institutional care as set forth by that statute. The answer to Question No. 5 is dispositive of Question No. 6 and a separate answer will not be set forth. It is, therefore, the opinion of the Attorney General that your first question be answered in the affirmative. A parent of a child at the Enid State School for the mentally retarded is liable to that institution for an amount not to exceed Seventy-five Dollars ($75.00) per month. It is the opinion of the Attorney General that your second question is answered that a parent who is divorced and has the custody of the minor child would have the same responsibilities and liabilities as parents of a child who were not divorced and would be liable for payment to the institution of an amount not in excess of Seventy-five Dollars ($75.00) per month. It is the opinion of the Attorney General that the answer to Question No. 2 is dispositive of your third question and no separate answer is needed. It is the opinion of the Attorney General that Question No. 4 is answered in the affirmative. The maximum liability of a divorced parent making child support payments would be Seventy-five Dollars ($75.00) to the institution set forth in 10 O.S. 12 [10-12] (1975). However, the actual amount of child support payment to be made by a divorced parent who is paying child support pursuant to a court order as set forth in the divorce decree is set by the Court for whatever amount deemed proper in each individual case. It is the opinion of the Attorney General that Question No. 5 is answered as follows: That in no instance may either the parent who has custody of the child or who is making child support payments pursuant to a court order be required to pay to an institution outlined in 10 O.S. 12 [10-12] (1975), an amount in excess of Seventy-five Dollars ($75.00) per month. If child support payment is fixed at an amount less than Seventy-five Dollars ($75.00) per month, the parent making the child support payment is limited in his liability to the amount set forth in the divorce decree. However, the parent having custody of the child may be required to supplement the amount set forth in the divorce decree up to Seventy-five Dollars ($75.00) in payment for institutional care as set forth by that statute. It is the opinion of the Attorney General that the answer to Question No. 5 is dispositive of Question No. 6 and a separate answer will not be set forth. (Paul C. Duncan)