## U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Appellee,

v.

## Ana ROBINSON, Appellant.

### No. 77,101.

Court of Appeals of Oklahoma,
Division No. 3.

June 16, 1992.

James Dudley Williams, Tulsa, for appellant.

Therese Buthod, and James R. Gotwals, Tulsa, for appellee.

## OPINION

Hunter, Judge.

Appellant Robinson appeals from the trial court's order, entered January 15, 1991, denying Robinson's Motion for judgment notwithstanding the verdict and for new trial. The trial court had granted judgment to Appellee U.S. Department of Housing and Urban Development. HUD got judgment for repossession of an apartment leased by Robinson and owned by HUD. The apartment was in the Morning Star Apartments, a low income housing project, in Tulsa, Oklahoma.

On September 13, 1990, HUD gave Robinson written notice of its intent to terminate the lease, effective October 15, 1990. In its notice, HUD detailed the facts upon which it relied to show Robinson had breached the lease. The notice gave Robinson the right to discuss the termination with the landlord within ten days. HUD's notice followed the procedures governing projects HUD owned under 24 CFR §§ 247.8, et seq. Robinson does not deny that this is true. Instead, Robinson claims that she was entitled to an administrative hearing under 24 CFR §§ 966.50, et seq. HUD, however, denies that these sections apply to properties it owns.

Robinson did not move from the apartment and HUD sued her on October 19, 1990. Robinson was served with summons. The trial court heard the case over three days between October 29 and mid November 1990. Robinson participated fully in the trial. Robinson's lawyer apparently represented Robinson throughout the proceedings. On November 26, the trial court entered judgment for HUD. On November 29 Robinson's lawyer filed a Motion for judgment not withstanding the verdict and for new trial.

HUD alleged, and apparently proved to the trial court's satisfaction, that Robinson had been drunk and disorderly on the premises. Police arrested Robinson for public drunkenness after she struck a neighbor in the face. Robinson did not make a transcript of the hearing a part of the record. HUD's exhibits from the hearing contain written statements from other residents of Morning Star and a police officer. These statements establish that Robinson was a

threat to the health and safety of other residents. Robinson does not deny that these statements were properly identified and authenticated at the hearing. The statements supported most of the grounds for eviction stated in HUD's notice of dismissal served on Robinson on September 13, 1990.

The trial court entered judgment for HUD by letter order dated November 26, 1990. HUD obtained a writ of execution on November 29. On November 30, Robinson got leave from the trial court to make and serve a $500 supersedeas bond. The trial court then recalled the execution, and stayed the effectiveness of the judgment. Robinson filed her bond on December 6. Following a hearing on January 15, 1991, the trial court denied Robinson's Motion for judgment notwithstanding the verdict and for new trial. Robinson appeals.

Robinson bases her appeal solely on her claim that the trial court lacked jurisdiction to decide the case because HUD did not hold an administrative hearing before suing her. Robinson claims that 24 CFR §§ 966.50, et seq., required HUD to give her an administrative hearing before it could sue her. HUD denies that these regulations apply to it.

## ISSUE

There is but one issue here: did the trial court lack jurisdiction to render judgment against Robinson because of HUD's failure to give Robinson an administrative hearing under 24 CFR § 966.50?

## DISCUSSION

HUD claims that its notice to Robinson complied with applicable regulations, 24

CFR §§ 247.8, et seq. According to HUD, 24 CFR § 966.50 applies only to Public Housing Authorities, all of which HUD supervises.[1] Because of the view we take of this case, whether Robinson was entitled to an administrative hearing under 24 CFR § 966.50 is immaterial.

█ Robinson recognizes that, to prevail, she must show that she was denied due process in these proceedings. The cases which Robinson cites to support her position rely on *Goldberg v. Kelley*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1969). In *Goldberg*, the Supreme Court held that state welfare agencies must provide welfare clients with notice and a right to hearing before the clients' benefits can be ended. But the *Goldberg* court did not suggest that a failure to give an administrative hearing always deprives a court of jurisdiction. Due process requirements are satisfied *where the complaining party receives full notice of the reasons she is losing her benefits and appears and participates in another hearing.* In *Goldberg*, the court held: " 'The fundamental requisite of due process of law *is the opportunity to be heard.' Grannis v. Ordean*, 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363 (1914)." [Emphasis added.] Id. 397 U.S. at 267, 90 S.Ct. at 1020.

█ HUD's notice told Robinson in detail the reasons HUD sought to evict her. Robinson and her lawyer participated fully at the hearing. She did not contend she was prejudiced by the lack of an administrative hearing under 24 CFR §§ 966.50, et seq. The notice HUD served on Robinson, coupled with her appearance at and participation in the hearing vested the trial court with jurisdiction over her.

1. HUD also points out that, even if 24 CFR § 966.50, et seq. were applicable here, § 966.51 contains the following proviso:

   *Provided,* That in those jurisdictions which require that, prior to eviction, a tenant be given a hearing in court containing the elements of due process, as defined in § 966.53, the PHA may exclude from its procedure any grievance concerning an eviction or termination of tenancy based upon a tenant's cre-

   ation or maintenance of a threat to the health or safety of other tenants or PHA employees. Robinson makes no claim that the Oklahoma Forcible Entry and Detainer statutes, 12 O.S. 1991 §§ 1148.1, et seq., do not provide due process. In fact, it is 12 O.S. § 1148.10A that entitled Robinson to stay the judgment by posting her supersedeas bond. In addition, under § 1148.7, Robinson could have had a jury trial, had she requested one.

In *Argabright v. Christison*, 142 Okl. 243, 286 P. 347 (1930), the mother in a dependent and neglected child proceeding appeared and participated in the hearing. The mother had not been served with summons. She had, however, been served with a notice of the hearing under the dependent and neglected child statutes. Following the hearing, the trial court held against the mother. She appealed on the ground that, because summons was not served upon her, the court lacked jurisdiction. The Supreme Court rejected this contention saying:

> The record discloses that such notice was served upon the mother, and that she entered her appearance and was present at the hearing ... No good could be accomplished by serving ... summons on the petitioner, and no one could be injured by the failure so to do. In addition to this, the petitioner ... [was] present in person at the hearing.

Id. 286 P. at 348.

Robinson did not show that she was prejudiced by HUD's failure to give her an administrative hearing. In its notice, HUD described in detail its reasons for seeking to evict her. Robinson's appearance and participation gave the trial court jurisdiction to enter judgment following the forcible entry and detainer hearing; its denial of Robinson's Motion for judgment notwithstanding the verdict and for new trial was within its discretion.

AFFIRMED.

JONES, J. concurs.

HANSEN, V.C.J., dissents.